UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**<br><br>           Plaintiff,<br><br>           v.<br><br>**MARC J. GABELLI,<br>BRUCE ALPERT,**<br><br>           Defendants. | 08 CV 3868 (DAB)<br><br>RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN |

## RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), plaintiff Securities and Exchange Commission ("SEC") and defendants Marc J. Gabelli and Bruce Alpert submit this Report and Proposed Discovery Plan.

1.   *Party Conference*.  On June 26, 2008, the parties conferred to consider the nature and basis of their claims and defenses and the possibility for a prompt settlement or resolution of the case, to arrange for the disclosures required to be made by Federal Rule of Civil Procedure 26(a)(1), and to develop a proposed discovery plan.

2.   *Conference Report*.  This Report summarizes the parties' conference.

   (a) **Duration and Number of Depositions.**

The parties propose that most depositions be limited to seven hours per side, subject to the additional proposals discussed below.

**The SEC's Proposal.** This is a complex case involving the defendants' dealings with a foreign organization and trading that extended over several years. There are many witnesses some of whom are located outside this court's jurisdiction and reside outside of this country. Thus, the SEC proposes that the Court initially allow twenty-five (25) depositions for each side, provided that the parties may seek authority to take additional depositions, should that prove necessary. For the same reasons, the SEC believes that limiting the duration (*i.e.*, number of hours) of the depositions of certain key witnesses in this case, brought in the public interest, would not be appropriate. Therefore, the SEC proposes that each side have two days to depose the defendants and certain key witnesses.

**Defendants' Proposal.** The defendants propose that the parties be limited to ten depositions for each side, as prescribed by Fed. R. Civ. P. 30(a)(2)(A)(i), with each deposition limited to seven hours, as prescribed by Fed. R. Civ. P. 30(d)(1). The defendants in this case have had the cloud of a SEC investigation hanging over their head since 2003, when the SEC first began investigating their firm. During the over four years that the SEC investigated this case, it had ample opportunity to take, and did take, extensive discovery, including the two-day deposition of one defendant, the all-day deposition of the other defendant, depositions of at least seven other individuals as well as at least 33,000 pages of document discovery and several gigabytes of other data in electronic form. Moreover, this case is not complicated: it is a two-defendant case involving allegations of trading over a limited time period by a single third party who is already before the Court in a related case. See SEC v. Headstart Advisers Ltd., 08-CV-3484 (DAB).

The SEC has not provided support for a departure from the Federal Rules of Civil Procedure and either side may make a motion at a later date for leave to take additional depositions should such depositions be necessary and/or for leave to take a deposition for more than seven hours should such an expansion of time be necessary.

**SEC's Response to Defendants' Proposal.** The SEC is entitled to take depositions of material witnesses even if the witnesses "have already been examined thoroughly" during the administrative investigation and even if the deposition testimony will overlap with the witnesses' investigative testimony. *SEC v. Saul,* 133 F.R.D. 115, 118 (N.D. Ill. 1990). Taking testimony in an administrative investigation is no substitute for taking depositions after a complaint has been filed because "the contexts are sufficiently different to merit further discovery once the charges have been made and the parties are at issue." *Id.*

(b)     **Settlement.** The parties have unsuccessfully discussed settlement, but will continue to consider and discuss settlement possibilities. Any settlement proposal is subject to consideration and approval by the Commission.

(c)     **Discovery Schedule.** The parties propose that Federal Rule of Civil Procedure 26(a)(1) initial disclosures be made by the parties no later than July 25, 2008. The parties' proposals regarding the remaining discovery schedule are outlined below.

**The SEC's Proposal.** The SEC proposes the following discovery schedule:

- **Fact Discovery.** Discovery will open on September 22, 2008, immediately following the due date of the SEC's opposition to the defendants' motion to dismiss.

3

- **Completion of Fact Discovery.** Fact discovery will end on October 1, 2009.

- **Expert Discovery.** The parties will exchange expert reports thirty days before the end of fact discovery (September 1, 2009), the parties will exchange rebuttal reports, if any, ten days before the close of fact discovery (September 21, 2009) and expert depositions be completed no later than two weeks following the close of fact discovery (October 14, 2009) which date shall be the close of expert discovery.

The Federal Rules of Civil Procedure are to be construed liberally in favor of discovery. *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). As several courts have found "there is no authority which suggests that it is appropriate to limit the SEC's right to take discovery based upon the extent of its previous investigation into the facts underlying its case." *Saul,* 133 F.R.D. at 118; *see also SEC v. Sargent,* 229 F.3d 68, 80 (1st Cir. 2000) ("discovery should not have been foreclosed to the Commission merely because of its pre-filing investigation or information secured from the Sargent and Scharn criminal trials."); *SEC v. Softpoint, Inc.,* 958 F.Supp. 846, 857 (S.D.N.Y. Mar. 20, 1997) ("Courts have avoided giving administrative inquiries preclusive effect because that would transform those inquiries into discovery or trials."). The one-year discovery period proposed by the SEC in this matter is eminently reasonable in the context of civil litigation.

In addition, the SEC proposes that the discovery period not begin until after it has had a chance to respond to the defendants' motion to dismiss. On May 13, 2008, the parties agreed to a schedule for filing a response to the Complaint and accordingly filed a

4

joint stipulation with the Court whereby the defendants had until July 11, 2008 to file a response to the Complaint and the SEC had an approximately equivalent period to respond to the defendants' filing. The SEC has respected this agreement and thus the defendants have had over two months to concentrate on crafting their response to the Complaint. Based on the schedule stipulated to by the parties and in a spirit of fairness, the SEC believes that discovery should not begin until after it has filed its opposition to the defendants' motion.

### Defendants' Proposal.

- **Fact Discovery.** Discovery requests may be made starting on August 8, 2008.

- **Completion of Fact Discovery.** Fact discovery shall be completed by December 30, 2008.

- **Expert Discovery.** The defendants propose that the SEC produce its affirmative expert reports on January 30, 2009, defendants produce responsive reports on March 30, 2009, and the SEC produce rebuttal reports on April 30, 2009. The period for expert depositions would commence on May 18 and expert depositions would conclude by June 12, 2009. *See, e.g.,* Civil Case Management Plan and Scheduling Order dated Sept. 10, 2004, *SEC v. PIMCO Advisors Fund Management LLC*, No. 04 Civ. 3464 (VM).

*(3) Protective Order*

**Defendants' Proposal.** The defendants believe that a protective order may be necessary in this case to safeguard the confidentiality of certain information that would not otherwise be safeguarded, such as individual salary information and other sensitive personal and business information. One or both of the defendants may make a motion at a later date for a protective order if such an order becomes necessary.

**The SEC's Proposal.** A request for a protective order at this stage is premature and is fundamentally inconsistent with the public character of an enforcement action. A party seeking a protective order has the burden of showing that there is good cause for the issuance of the order. To establish good cause, a moving party must articulate specific facts, which show clearly defined and serious injury. Defendants have made no attempt to meet the applicable burden.

**Counsel for Plaintiff Securities & Exchange Commission**

_____
Robert B. Blackburn, Esq.
3 World Financial Center, Suite 400
New York, NY 10281-1022
(212) 336-1050

_____
Kevin P. O'Rourke, Esq.
Mark Kreitman, Esq.
Jill S. Henderson, Esq.
100 F. Street, N.W.
Washington, D.C. 20549-4010
(202) 551-4442

**Counsel for Defendant Marc J. Gabelli**

_____
CLEARY, GOTTLIEB, STEEN & HAMILTON LLP
Lewis J. Liman, Esq.
Jason P. Gottlieb, Esq.
One Liberty Plaza
New York, NY 10006
(212) 225-2000

Counsel for Defendant Bruce Alpert

*Kathleen N. Massey*

DECHERT LLP
Edward A. McDonald, Esq.
Kathleen N. Massey, Esq.
30 Rockefeller Plaza
New York, NY 10112-2200
(212) 698-3672