# Dechert
LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 11, 2008

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

KATHLEEN N. MASSEY

kathleen.massey@dechert.com
+1 212 698 3686  Direct
+1 212 698 0473  Fax

July 9, 2008

BY HAND

The Honorable Deborah A. Batts
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 2510
New York, NY 10007



Re: Securities and Exchange Commission v. Gabelli et ano
    08 CV 3484

Dear Judge Batts:

/DAB/
Granted
07/10/2008

On behalf of defendant Bruce Alpert, I write respectfully to request a two-week extension of the time within which defendants must respond to the complaint dated April 24, 2008 (the "Complaint"), filed by the Securities and Exchange Commission (the "SEC"). As discussed below, counsel for defendant Marc J. Gabelli does not object to this request, but counsel for the SEC does.

On May 13, 2008, the parties stipulated to a schedule pursuant to which defendants were to answer or move with respect to the Complaint on or before July 11, 2008. The Court "So Ordered" the stipulation. *See* Exhibit 1. There have been no other requests for extensions of time.

Since May, Mr. Alpert has undergone extensive treatment for multiple myeloma, cancer of the bone marrow. After receiving chemotherapy and a stem cell harvest, Mr. Alpert was admitted to the hospital on June 16 for a stem cell transplant. He was not released from the hospital until July 3. Unfortunately, after having been home for only a few days, Mr. Alpert was unexpectedly readmitted to the hospital on July 7. Given Mr. Alpert's condition, he has been and is currently unable to participate meaningfully in the defense of his case or to review and comment on the draft memorandum in support of our anticipated motion to dismiss on his behalf.

US  Austin  Boston  Charlotte  Hartford  New York  Newport Beach  Philadelphia  Princeton  San Francisco  Silicon Valley  Washington DC
EUROPE  Brussels  London  Luxembourg  Munich  Paris  ASIA  Hong Kong
13228133



The Honorable Deborah A. Batts
July 9, 2008
Page 2

On July 7, 2008, I telephoned Kevin P. O'Rourke, counsel for the SEC, explained the circumstances concerning Mr. Alpert's health and requested a three-week extension of the time within which he may respond to the Complaint. Later that day, I sent Mr. O'Rourke a draft stipulation setting forth the proposed briefing schedule. See Exhibit 2.

By letter dated July 8, 2008, Mr. O'Rourke refused to grant any extension. See Exhibit 3. The reasons cited by Mr. O'Rourke were that defendants had been afforded substantial time for filing a motion to dismiss, Mr. Alpert would not be prejudiced even if he were indisposed and Mr. Alpert's health had not been mentioned during the conference counsel for all parties had held pursuant to Rule 26(f) of the Federal Rules of Civil Procedure on June 26, 2008.

I responded to the SEC's letter by letter dated July 8, 2008. See Exhibit 4. In response to the SEC's concerns, I explained that, despite having been afforded substantial time for filing a motion to dismiss, Mr. Alpert's health had prevented him from participating in his defense and from reviewing and commenting on a draft motion to dismiss. I had not raised Mr. Alpert's health on June 26, because the SEC's Enforcement Staff had previously been informed that Mr. Alpert had multiple myeloma, and it was not apparent on June 26 that Mr. Alpert's health would be such as to require additional time for filing the motion to dismiss. It was simply not possible at that time to predict how Mr. Alpert would react to the treatment he was undergoing.

By letter dated July 9, 2008, Mr. O'Rourke agreed to afford Mr. Alpert a one-week extension of time. See Exhibit 5. Mr. O'Rourke cited as a reason for not affording Mr. Alpert more time a concern about the discovery schedule defendants have proposed. In an effort to resolve the briefing and discovery scheduling issues, I arranged a telephone conference of counsel for all parties. During that call, I informed Mr. O'Rourke that I did not believe one week would be sufficient to allow Mr. Alpert to review and comment on the draft motion to dismiss, I requested a two-week extension and I offered on behalf of both defendants to extend the fact discovery period by two months. Counsel for Mr. Gabelli also requested that he be granted an extension of the same length as Mr. Alpert so that defendants could coordinate on their arguments and avoid burdening the court with unnecessarily duplicative briefing. Mr. O'Rourke was not willing to consider those requests unless defendants would agree to defer commencement of the fact discovery period until after the SEC files its opposition to defendants' motions to dismiss. An agreement on the start of fact discovery could not be reached. The parties will be submitting a Rule 26(f) Report and Proposed Discovery Plan, which sets forth the parties' respective positions on discovery.

In light of the foregoing, I respectfully request an extension of two weeks for Mr. Alpert to respond to the Complaint. Counsel for Mr. Gabelli has no objection to the foregoing, and requests that he be afforded an extension of equivalent length. Counsel for both defendants are agreeable to having the remaining dates in the briefing schedule extended by two weeks so that plaintiff shall file its opposition to any motion to dismiss

13228133

Dechert
LLP

The Honorable Deborah A. Batts
July 9, 2008
Page 3

on or before October 3, 2008, and defendants shall file their replies on or before November 3, 2008. Mr. O'Rourke objects to affording Mr. Alpert an extension of more than one week and objects to affording Mr. Gabelli any extension.

Respectfully submitted,

Kathleen N. Massey

Enclosures

cc: Kevin P. O'Rourke, Esq.
Jill S. Henderson, Esq.
Robert B. Blackburn, Esq.
Lewis J. Liman, Esq.
Jason P. Gottlieb, Esq.

**SO ORDERED**

Deborah A. Batts
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

MEMO ENDORSED

13228133