UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

              Plaintiff,

              v.

MARC J. GABELLI,
and BRUCE ALPERT,

              Defendants.

08 CV 3868 (DAB)

ANSWER

---

        Defendant Marc J. Gabelli ("Gabelli"), by his undersigned attorneys Cleary Gottlieb Steen & Hamilton LLP, answers the Complaint of Plaintiff Securities and Exchange Commission ("SEC") as follows:

        1.     Gabelli denies the allegations contained in Paragraph 1 of the Complaint except admits that he was one of several portfolio managers for Gabelli Global Growth Fund (the "GGGF" or the "Fund") from approximately 1999 to 2002 and admits that Alpert was the "Chief Operating Officer of Gabelli Funds" and that Alpert "knew that Headstart was frequently trading in GGGF and allowed it to continue."

        2.     Gabelli denies the allegations contained in the first sentence of Paragraph 2 of the Complaint. Gabelli lacks knowledge or information sufficient to form a belief regarding the allegations contained in the second, third and fourth sentences of Paragraph 2 of the Complaint.

        3.     Gabelli denies the allegations contained in Paragraph 3 of the Complaint except states that he lacks knowledge or information sufficient to form a belief as to the precise number of trades executed by Headstart in GGGF from September 1999 to September 2002.

4.      Gabelli denies the allegations contained in Paragraph 4 of the Complaint and specifically denies that there was a "market-timing arrangement with Headstart," that Headstart's investment in Gabelli Global Partners Hedge Fund "was made in exchange for increased market-timing capacity," or that there were "detrimental effects of Headstart's market timing on GGGF shareholders" except admits that Alpert made a presentation to the Board of Directors of GGGF and states that he lacks knowledge with respect to the contents of that presentation. Gabelli admits that the Fund reserved the right to "reject any purchase order if, in the opinion of the Fund management, it is in the Fund['s] best interest to do so" and refers to the GGGF prospectus, dated May 6, 2003, (the "Prospectus") for a true and complete statement of its contents.

5.      Gabelli denies the allegations contained in Paragraph 5 of the Complaint except admits that Alpert wrote a memorandum in September 2003, which was placed on the website of Gabelli Funds LLC ("Gabelli Funds") and states that he lacks knowledge or information sufficient to form a belief regarding the purpose of that memorandum and refers to that memorandum for a true and complete statement of its contents.

6.      Paragraph 6 of the Complaint states legal conclusions as to which Gabelli need not respond. To the extent any response to those allegations is required, Gabelli denies them.

7.       Paragraph 7 of the Complaint states the legal relief sought by the SEC as to which Gabelli need not respond. To the extent any response to those allegations is required, Gabelli denies that the SEC is entitled to disgorgement and denies that Gabelli received any ill-gotten gains from illegal conduct. Gabelli also refers the SEC to Judge Batts' Memorandum and Order in Response to the Defendants' Motions to Dismiss, issued on March 17, 2010 (the "March 2010 Order") regarding the relief available to the SEC based on the Complaint.

8.      Paragraph 8 of the Complaint states legal conclusions as to which Gabelli need not respond. To the extent a response is required, Gabelli admits the allegations contained in the first sentence of Paragraph 8 of the Complaint and denies the allegations contained in the second sentence of Paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint states legal conclusions as to which Gabelli need not respond. To the extent a response is required, Gabelli admits the allegations contained in Paragraph 9 of the Complaint.

10.     Gabelli denies the allegations contained in Paragraph 10 of the Complaint except admits that he was one of several portfolio managers for the Fund and its predecessor fund from 1997 until early 2004, that he was a portfolio manager of the Gabelli Global Partners Hedge Fund and several other hedge funds from 1997 until early 2004, that he has not had responsibility for GGGF since the end of 2002 and that he ceased working for Gabelli Funds as of January 1, 2006. Gabelli admits that he is the son of the founder of the Gabelli complex of funds and that he is currently the Chairman of the Board of a publicly-traded company.

11.     Gabelli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.     Gabelli admits the allegations contained in Paragraph 12 of the Complaint.

13.     Gabelli admits that GGGF is an open-end investment company registered under the Investment Company Act. Gabelli admits that, until January 13, 2000, GGGF's name was the Gabelli Global Interactive Couch Potato Fund. Gabelli admits that the Fund's name changed, effective December 27, 2005, to the GAMCO Global Growth Fund. Gabelli also admits, as stated in the Prospectus, that the Fund's primary investment objective was to provide investors with appreciation of capital, offered three classes of shares and invested primarily in common

stocks of domestic and foreign issuers in at least three countries. Gabelli admits that, between 1999 and 2002 the Fund disclosed that it invested between approximately 36 to 57 percent of its total assets in non-North American securities and had net assets ranging from approximately $100.2 million to $563 million. Gabelli refers to the Fund's disclosure documents for a true and complete statement of their contents

14. Gabelli admits the allegations contained in the first two sentences of Paragraph 14 of the Complaint. Gabelli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of Paragraph 14 of the Complaint.

15. Gabelli denies the allegations contained in Paragraph 15 of the Complaint except admits that many mutual funds are meant to be long-term investments for buy-and-hold investors and that some investors have attempted to trade in and out of some mutual funds to exploit inefficiencies arising out of stale prices.

16. Gabelli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and fifth sentences of Paragraph 16 of the Complaint except admits the allegations contained in the third and fourth sentences of Paragraph 16 of the Complaint.

17. Gabelli denies the allegations contained in Paragraph 17 of the Complaint.

18. Gabelli denies the allegations contained in Paragraph 18 of the Complaint.

19. Gabelli denies the allegations contained in Paragraph 19 of the Complaint.

20. Gabelli denies the allegations contained in the first and second sentences of Paragraph 20 of the Complaint except admits that, in the summer of 1999, he met Najy Nasser ("Nasser") at a hedge fund conference. Gabelli lacks knowledge or information sufficient to

form a belief as to the truth of the allegations contained in the third, fourth, fifth and sixth sentences of Paragraph 20 of the Complaint.

21. Gabelli denies the allegations contained in Paragraph 21 of the Complaint.

22. Gabelli denies the allegations contained in Paragraph 22 except admits that Nasser sent him an email on April 17, 2000 and refers to that email for a true and complete statement of its contents.

23. Gabelli denies the allegations contained in the first and second sentences of Paragraph 23 of the Complaint except admits that Nasser sent him an email on April 18, 2000 and that Jenny Learmont sent him an email on April 25, 2000 and refers to those emails for true and complete statements of their respective contents. Gabelli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 23 of the Complaint.

24. Gabelli denies the allegations contained in Paragraph 24 of the Complaint except states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 24 of the Complaint.

25. Gabelli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 25 of the Complaint. Gabelli admits that he sent an email to Alpert on April 1, 2002 and that Alpert sent him an email in response on the same day and refers to those emails for true and complete statements of their respective contents.

26. Gabelli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 26 of the Complaint except admits that, in or around April 2002, Headstart redeemed a portion of its investment in Gabelli Global

Partners Hedge Fund.  Gabelli admits that he sent an email to Michael Anastasio on April 19, 2002 and refers to that email for a true and complete statement of its contents.

27. Gabelli denies the allegations contained in Paragraph 27 of the Complaint.

28. Gabelli denies the allegations of Paragraph 28 of the Complaint except admits that, on August 7, 2002, the CEO of Gabelli Funds' parent company, sent a memo to Gabelli stating in part that "the added market volatility provides an inordinate opportunity for the hot money that is playing the international game.  Accordingly, unless you strenuously object, I would like to throw them out of the system." Gabelli further states that immediately thereafter he sent an email in response stating: "Ok Throw them all out" and refers to those emails for true and complete statements of their respective contents.  Gabelli lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in the second and third sentences of Paragraph 28 of the Complaint.

29. Gabelli admits the allegations contained in Paragraph 29 of the Complaint.

30. Gabelli admits that the Fund reserved the right to "reject any purchase order if, in the opinion of the Fund management, it is in the Fund['s] best interest to do so" and refers to the Prospectus for a true and complete statement of its contents.

31. Gabelli lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 31 of the Complaint except admits that Alpert wrote a memorandum, dated December 15, 2000 and refers to that memorandum for a true and complete statement of its contents.

32. Gabelli denies the allegations contained in Paragraph 32 of the Complaint except admits that he sent an email to Gus Coutsouros on December 7, 2000 and refers to that email for a true and complete statement of its contents.

33. Gabelli denies the allegations contained in Paragraph 33 of the Complaint except states that he lacks knowledge or information sufficient to form a belief as to the truth of what the two employees were told and the allegations contained in the second sentence of Paragraph 33 of the Complaint.

34. Gabelli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Gabelli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Gabelli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint except admits that Alpert attended a Board meeting on February 21, 2001.

37. Gabelli denies the allegations contained in Paragraph 37 of the Complaint except admits that he attended at least a portion of the February 21, 2001 Board meeting, during which he reported on the operations of the Fund and did not mention Headstart or a "sticky asset" arrangement.

38. Gabelli denies the allegations contained in the first sentence of Paragraph 38 of the Complaint and specifically denies that he made any "representations" to the GGGF Board and that he "continued to allow Headstart's market timing while excluding other market timers from GGGF" except states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 38 of the Complaint with respect to actions Alpert may have taken. Gabelli admits the allegations contained in the second sentence of Paragraph 38 of the Complaint and specifically admits that he did not disclose to the GGGF Board that "Headstart was engaging in market-timing activity in GGGF",

that there was a "market-timing arrangement with Headstart", that "Headstart's investment in the hedge fund Gabelli managed was made in exchange for increased timing capacity" or that Headstart had "detrimental effects … on GGGF shareholders" except states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 38 of the Complaint with respect to the content of disclosures Alpert may have made.

39. Gabelli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Gabelli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Gabelli denies the allegations contained in Paragraph 41 of the Complaint except states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 41 of the Complaint.

42. Gabelli denies the allegations contained in the first, second and third sentences of Paragraph 42 of the Complaint except admits that he had access to information on trading in GGGF and that Adam Cohen sent him an email on August 20, 2001 and refers to that email for a true and complete statement of its contents. Gabelli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 42 of the Complaint.

43. Gabelli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint except admits that the New York Attorney General issued a press release on September 3, 2003 and refers to that press release for a true and complete statement of its contents.

44. Gabelli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 except admits that a memorandum, dated September 3, 2003, was posted on Gabelli Funds LLC's website and refers to that memorandum for a true and complete statement of its contents.

45. Gabelli denies the allegations contained in Paragraph 45 of the Complaint.

46. Gabelli denies the allegations contained in Paragraph 46 of the Complaint and specifically denies that the Defendants were engaged in "illegal conduct" or "wrongdoing," except states that he lacks knowledge or information sufficient to form a belief regarding the Commission's knowledge.

47. Gabelli denies the allegations contained in Paragraph 47 of the Complaint.

48. Gabelli repeats and incorporates by reference herein his responses to Paragraphs 1 through 47 as if set forth fully herein.

49. Paragraph 49 of the Complaint states legal conclusions as to which Gabelli need not respond. To the extent a response is required, Gabelli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint states legal conclusions as to which Gabelli need not respond. To the extent a response is required, Gabelli lacks knowledge or information sufficient to form a belief as to the truth of those allegations. However, Gabelli refers the SEC to the March 2010 Order.

51. Gabelli repeats and incorporates by reference herein his responses to Paragraphs 1 through 47 as if set forth fully herein.

52. Paragraph 52 of the Complaint states legal conclusions as to which Gabelli need not respond. To the extent a response is required, Gabelli lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

53. Paragraph 53 of the Complaint states legal conclusions as to which Gabelli need not respond. To the extent a response is required, Gabelli lacks knowledge or information sufficient to form a belief as to the truth of those allegations. However, Gabelli refers the SEC to the March 2010 Order.

54. Gabelli repeats and incorporates by reference herein his responses to Paragraphs 1 through 47 as if set forth fully herein.

55. Paragraph 55 of the Complaint states legal conclusions as to which Gabelli need not respond. To the extent a response is required, Gabelli denies them.

56. Paragraph 56 of the Complaint states legal conclusions as to which Gabelli need not respond. To the extent a response is required, Gabelli denies them.

57. Paragraph 57 of the Complaint states legal conclusions as to which Gabelli need not respond. To the extent a response is required, Gabelli denies them.

## AFFIRMATIVE DEFENSES

Marc J. Gabelli asserts the following affirmative defenses and reserves the right to amend this answer to assert any additional affirmative defenses when and if, in the course of his investigation, discovery, or preparation for trial it becomes appropriate to assert such affirmative defenses. In asserting these defenses, Gabelli does not assume the burden of proof for any issue that would otherwise rest on the plaintiff.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense

The Complaint fails because of the applicable statute of limitations.

Third Affirmative Defense

The Complaint fails because there was no primary violation of the Investment Advisers Act as alleged.

Fourth Affirmative Defense

The Complaint fails because Gabelli did not aid or abet the making of any of the alleged misrepresentations or omissions.

Fifth Affirmative Defense

The Complaint fails because Gabelli did not make any of the alleged misrepresentations or omissions.

Sixth Affirmative Defense

The Complaint fails because, if any alleged misrepresentation or omission occurred, which Gabelli denies, it was not material as a matter of law.

Seventh Affirmative Defense

The Complaint fails because Gabelli had no duty to disclose, or cause the disclosure of, any allegedly omitted material information.

Eighth Affirmative Defense

The Complaint fails because Gabelli did not act with the requisite scienter to sustain the SEC's claims.

Ninth Affirmative Defense

The Complaint fails because the conduct alleged to have been engaged in by Gabelli or to have been omitted was done or omitted in good faith and in conformity with rules,

regulations and orders of the Commission pursuant to Section 211(d) of the Investment Advisers Act.

Tenth Affirmative Defense

Gabelli incorporates herein any applicable affirmative defenses asserted by Alpert.

WHEREFORE, Defendant Marc J. Gabelli respectfully seeks an Order dismissing the Complaint and granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      April 16, 2010

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
    Lewis J. Liman
    Breon S. Peace

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for Defendant Marc J. Gabelli